No. 858		November 27, 2024		477

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. A. M.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. A. M.,
*Appellant.*

Yamhill County Circuit Court
24CC01523; A184166

Cynthia Kaufman Noble, Judge.

Submitted October 11, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

Appellant seeks reversal of a limited judgment requiring her to participate in assisted outpatient treatment for an unspecified period of time. In her second assignment of error, appellant argues that the trial court plainly erred in failing to specify how long she was required to participate in outpatient treatment, as required by ORS 426.130(2). The state concedes the error, and we accept the concession as well taken. We therefore reverse.[1]

ORS 426.130(2) provides in part that when there is an order for assisted outpatient treatment, the court shall establish a period of time for the treatment that shall not exceed 12 months. Here, at the civil commitment hearing, the court found that appellant had a mental health disorder, but that commitment was not required. Instead, the court entered a limited judgment for assisted outpatient treatment and discharged appellant from inpatient treatment. However, the limited judgment did not specify the length of time that appellant would be subject to assisted outpatient treatment, which was a plain error. Considering the nature of civil commitment proceedings, the state's concession of error, the gravity of the error, and the ends of justice, we exercise our discretion to correct it. *See State v. T.C.*, 327 Or App 558, 571, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024) (exercising discretion to correct plain error in civil commitment case).

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. Because we reverse based on the second assignment of error, we do not address appellant's first assignment of error in which she argues that the trial court erred in entering a judgment after continuing the hearing for more than seven days.